UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DARREN ROGERS,

        Plaintiff,

     v.                                 Case No. 05-C-1164

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW FRANKS,
RICHARD RAEMISCH,
CHERYL MAPLES,
WILLIAM GROSSHANS,
DENISE SYMDON,
MICHELLE ROSE,
JAY TAYLOR,
MARK MELLENTHIN,
MARIE FINLEY,
BRENT BOELKE,
TERRI REES,
LEANNE MOBERLY,
BREANDA STACY,
JULIE BASIL,
ROBERTA JOHNSON,
SHELLY TRIMBLE,
HOLLY CAMPBELL,
RITA DAMON,

        Defendants.

DECISION AND ORDER GRANTING DEFENDANTS' AMENDED MOTION TO CHANGE VENUE AND TRANSFERRING CASE TO THE WESTERN DISTRICT OF WISCONSIN (DOC. # 33)

Plaintiff filed an amended complaint alleging that defendants discriminated against him on the basis of race and gender while he was employed by the Department of Corrections, Division of Community Corrections, as a probation/parole agent. Defendants filed a motion to transfer venue, which they later amended, seeking to transfer this employment discrimination action to the Western District of Wisconsin pursuant to 28

U.S.C. § 1404(a) and 42 U.S.C. § 20000e-5(f)(3). For the reasons set forth below, the motion will be granted.

BACKGROUND

Plaintiff, Darren Rogers, an African American male, resides in Milwaukee, Wisconsin. (Amended Complaint, p. 2, ¶ 301, p. 6, ¶ 401) The Wisconsin Department of Corrections (DOC) is a state agency with its principal office located at 3099 East Washington Avenue, Madison, Wisconsin. (*Id.*, p. 2, ¶ 302) At all material times, the individual defendants were employed by the DOC Division of Community Corrections in Madison. (*Id.*, pp. 2-6, ¶¶ 302 - 322)

Plaintiff was employed by the Department of Corrections from November 9, 1998, to March 15, 2005. (*Id.*, p. 7, ¶ 402) He began his career as a probation/parole agent and was promoted to a senior probation/parole agent in November of 2001. (*Id.*) The DOC terminated plaintiff's employment effective March 15, 2005, by letter signed by defendant Cheryl Maples as Administrator of the Division of Community Corrections. (*Id.*, at ¶ 403) The termination letter states that plaintiff violated the following work rules: Rule 4 - Negligence in performance of assigned duties, Rule 6 - Falsifying records, knowingly giving false information, or knowingly permitting, encouraging or directing other to do so. Failing to provide truthful, accurate and complete information when required. Rule 8 - Falsifying employment applications or records, or omission of facts. (*Id.*, at ¶ 405)

At the time of the termination, plaintiff had transferred to the Division of Community Corrections office in Milwaukee. (*Id.*, p. 8, 409) According to plaintiff, his transfer was necessary because he was unable to "handle the physical and emotional maltreatment inflicted on him by coworkers and supervisors at his previous office." (*Id.*)

Plaintiff submits, upon information and belief, that defendants filled his position with a Caucasian male. (*Id.*, at 410)

In April and July of 2003, plaintiff filed charges with the Equal Employment Opportunity Commission "citing segregation by physically isolating Plaintiff, prejudicial and bias practices, ongoing racial and discriminatory practices, continuous and ongoing incidents of unwanted harassment, retaliation, and targeting for opposing these discriminatory practices, unwarranted and ongoing egregious disciplinary action, punishment, disparate treatment, and hostile, abusive and offensive work place environment." (*Id.*, at 411)

## ANALYSIS

Section 1404(a) of Title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This provision presupposes that the action has been brought in a proper venue but authorizes its transfer to another district more suited to the convenience of witnesses and the needs of justice. 28 U.S.C. § 1404(a), Commentary on 1996 Amendment. The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Based on § 1404(a), three requirements must be satisfied before a case may be transferred: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses, and is in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217,

3

219-20 (7th Cir. 1986). "In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case." *Id. (*citations omitted).

First, the court considers whether venue is proper in the transferor court. Title VII has its own venue provision, 42 U.S.C. § 2000e-5(f)(3). Section 5(f)(3) is the exclusive venue provision for all Title VII discrimination actions. Section 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which [1] the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, [4] such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). Because the action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, the parties concede that venue is proper in the Eastern District of Wisconsin or in the Western District of Wisconsin.

Next, the court considers the convenience of the parties. The convenience factor is a placeholder for private interest considerations, including plaintiff's choice of forum, the convenience of the parties and witnesses relative to their residences, the situs

4

of operative events and the location of relevant records. *See Wayne Pigment Corp. v. Halox*, 220 F. Supp. 2d 931, 936 (E.D. Wis. 2002).

To begin, the court gives weight to plaintiff having brought the action in this district where he resides. On the other hand, plaintiff resided in Madison, Wisconsin, at the time of his termination and all of the operative events occurred in the Western District. Plaintiff was employed by the DOC in Madison and Janesville from August 10, 2001, to May 16, 2004, and voluntarily transferred to Milwaukee on May 16, 2004. However, the letter terminating his employment stated that the action was taken for violations of work rules between January 1, 2002, and May 30, 2004.

DOC Division of Community Supervision headquarters and principal office are located at 3099 East Washington Avenue in Madison. (Aff. Rees, ¶ 11) Moreover, all relevant employment records are maintained and administered in either the principal office of the Department of Corrections or the State Records Center in Madison. (*Id.*, at ¶ 12)

In addition, all defendants reside in the Western District of Wisconsin. Fifteen of the eighteen defendants, who are sued in their individual capacities, are still employed by the Department of Corrections and their residence addresses are in the Western District of Wisconsin. (*Id.*, ¶¶ 13, 15) Further, plaintiff was terminated, in part, for allegedly falsifying documents relating to his supervision of offenders. (Aff. Rees, ¶ 9, Att. 105) Twenty-three offenders denied having home visits with plaintiff on dates documented in over 100 entries. Hence, material witnesses would include former offenders supervised by plaintiff. Transfer would facilitate obtaining the testimony of these witnesses by subjecting them to compulsory process and it is reasonable to conclude that it is likely that many of these witnesses may be found in the Western District. Ultimately, the

5

convenience factor weighs in favor of transfer. Knowledge of the law is a neutral factor and is of no consequence in this matter.

Finally, the court considers the interest of justice, which takes into consideration the public interest. Because a substantial number of witnesses, including state employees and persons who were supervised by the plaintiff, as well as the defendants, would have to travel seventy-five or more miles for proceedings in this court and there is the reasonable prospect of a speedier disposition in the Western District,

IT IS ORDERED that defendants' amended motion to transfer venue is granted. This case is transferred to the Western District of Wisconsin for further proceedings.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE